**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

2004 SEP 23 P 2: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

CHRISTOPHER J. WALSH, as he is ADMINISTRATOR,
CONSTRUCTION TEAMSTERS HEALTH AND
WELFARE FUND and INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, LOCAL 379
Plaintiffs

vs.

BAY STATE SWEEPING & CONSTRUCTION CORP.,
Defendant

and

EASTERN BANK,
Trustee

04 CV 12053 GAO

C.A. No.

MAGISTRATE JUDGE Cohen

RECEIPT # 58884
AMOUNT $150
SUMMONS ISSUED 4(6)
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK. Ann
DATE 4/23/04

**COMPLAINT FOR DELINQUENT CONTRIBUTIONS**
**AND TO COMPEL AN AUDIT**

**NATURE OF ACTION**

1.       This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145, and §301 of the Labor Management Relations Act, 29 U.S.C. §185, by employee benefit

plans and by a labor union to enforce the obligations to submit to an audit and to make

contributions to such plans due under the terms of a collective bargaining agreement and the

plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Christopher Walsh is the Administrator of the Construction Teamsters Health and Welfare Fund. The Construction Teamsters Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 529 Main Street, Suite 205, Charlestown, Massachusetts, within this judicial district.

4.      The Health and Welfare Fund is a multi-employer plan within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). It is hereinafter referred to as "the Fund."

5.      Plaintiff International Brotherhood of Teamsters Local 379 is a labor union located at 529 Main Street, Suite 205, Charlestown, Massachusetts, within this judicial district. It is hereinafter referred to as "Local 379."

6.      Defendant Bay State Sweeping & Construction Corp. is a Massachusetts corporation with a principal place of business at 28 Garfield Avenue, Somerville, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12). It is hereinafter referred to as "Bay State."

7.      Eastern Bank is a banking institution holding assets of the defendant.

2

## GENERAL ALLEGATIONS OF FACT

8.      Bechtel/Parsons Brinckerhoff, project manager of the Central Artery (I-93)/Tunnel

(I-90) Project ("Big Dig"), entered into a Project Labor Agreement ("PLA") with all of the

unions performing work on the Big Dig.  A copy of the PLA is attached hereto as Exhibit A.

9.      Local 379 was one of the signatory unions.

10.     Under the terms of the PLA, contractors working on the Big Dig agreed to be

bound by the terms of the union's contracts and trust agreements:

> The Contractor agrees to pay contributions to the established employee benefit
> funds in the amounts designated in the appropriate [collective bargaining
> agreement] . . . The Contractor adopts and agrees to be bound by the written terms
> of the legally-established Trust Agreements specifying the detailed basis on which
> payments are to be made into, and benefits paid out of, such Trust Funds.

11.     Pursuant to the PLA, Bay State became bound to the terms of the Fund's

collective bargaining agreement, the Massachusetts Heavy Construction Agreement (the

"Agreement").  The Agreement, like its predecessor and subsequent agreements, requires

employers to make fringe benefit contributions to the Fund for each hour worked by covered

employees.  The Agreement specifies the amount to be contributed by an employer to the Fund

for each hour worked.   A copy of the relevant portions of the 1999-2004 Agreement is attached

hereto as Exhibit B.

12.     Article 20 of the Agreement states as follows:

> The Trustees or their duly designated representative shall have the right to
> examine the payroll records of any Employer to determine whether proper
> contributions are being made.

3

## COUNT I - VIOLATION OF ERISA -
## DELINQUENT CONTRIBUTIONS

13.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 12 above.

14.     Despite its obligation to do so under the terms of the PLA, Bay State has repeatedly failed and refused to submit records that are required for the Fund's auditor to conduct a satisfactory examination of Bay State's payroll records for the period January 1, 2000 to the present.

15.     Because a payroll audit cannot be conducted at this time, Bay State owes an as yet unliquidated amount of fringe benefit contributions for work conducted on the Central Artery Project for the period January 1, 2000 to the present.

16.     The Fund's attorneys notified Bay State of its obligation to fully comply and submit to a payroll audit by certified letters dated October 1, 2003 and August 5, 2004. Copies of the October 1, 2003 and August 5, 2004 letters to Bay State are attached hereto as Exhibit C.

17.     Further, upon information and belief, the Fund's auditor, Ross, Mastrogiovanni & Company, P.C. ("Ross"), has been in contact with Bay State via mail and telephone to seek receipt of the specific records needed to successfully complete a payroll audit.

18.     Bay State has failed and refused to respond to the Exhibit C letters. Further, to date, Bay State has failed to produce the necessary records to Ross.

19.     Therefore, Bay State continues to owe an as yet unliquidated amount of fringe benefit contributions to the Fund for the period January 1, 2000 to the present.

20.     The failure of Bay State to make contributions on behalf of all covered employees and to submit to a payroll audit as required by the terms of the Fund and the collective bargaining

4

agreement violates §515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

21.    Absent an order from this Court, Bay State will continue to refuse to pay the monies it owes to the Fund, will refuse to submit remittance reports and pay contributions now due and owing, and will refuse to submit to a payroll audit, as a result of which the Fund and its participants will be irreparably damaged.

22.    A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA
## DELINQUENT CONTRIBUTIONS

23.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 above.

24.    The failure of Bay State to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of LMRA, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a.    Order the attachment by trustee process of the bank accounts of Bay State held by Eastern Bank;

b.    Order Bay State to make available to the Fund or its duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll

registers, certified payrolls, cash disbursement journals and a complete listing of all job locations for the period January 1, 2000 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

c.    Enter a preliminary and permanent injunction enjoining Bay State from refusing or failing to make contributions to the Fund and from refusing or failing to permit the Fund to audit the payroll records as prayed for in the preceding paragraph;

d.    Enter judgment in favor of the Fund in an as yet unliquidated amount, plus any additional amounts determined by the Court to be owed by Bay State or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

e.    Such further and other relief as this Court deems appropriate.

Respectfully submitted,

CHRISTOPHER WALSH, as he is
ADMINISTRATOR, of the
CONSTRUCTION TEAMSTERS
HEALTH AND WELFARE FUND, et al.

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108
(617) 742-0208

Dated: September 22, 2004