UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER J. WALSH, as he is ADMINISTRATOR, CONSTRUCTION TEAMSTERS HEALTH AND WELFARE FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 379,<br>Plaintiffs<br><br>vs.<br><br>BAY STATE SWEEPING & CONSTRUCTION CORP.,<br>Defendant<br><br>and<br><br>EASTERN BANK,<br>Trustee | C.A. No. 04-12053 GAO |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Upon the Complaint and Exhibits attached thereto, the Affidavit and Memorandum in support of their Motion for Preliminary Injunction, Plaintiff Christopher J. Walsh, as he is Administrator, pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule 65(a), Federal Rules of Civil Procedure, respectfully requests this Court to enter a Preliminary Injunction enjoining defendant Bay State Sweeping and Construction Corp. from refusing to permit an audit of its books and records.

As grounds therefore, Plaintiff states as follows:

1) Based on the foregoing Complaint, Exhibits and Affidavits, Plaintiff has exhibited a likelihood of success on the merits.

2) Unless enjoined by this Court, the defendant will continue to ignore its obligations under the terms of the Employee Retirement Security Act of 1974, as amended ("ERISA"), and of the Restated Agreement and Declaration of         Trust of the Health and Welfare Fund, to which it is bound, to permit auditors to audit its books in order to verify whether it made all required contributions to the appropriate funds.

3)     There is no adequate remedy at law.

4)     The defendant's refusal to permit an audit will result in irreparable injury, loss, and damage to Plaintiff.

5)     The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the defendant but will prevent irreparable injury to Plaintiff, and would further the public interest.

WHEREFORE, Plaintiff moves this Court to grant a preliminary injunction compelling the defendant and its agents to permit an audit of its books and records for the period January 1, 2000 to the present to determine the amount, if any, defendant owes Plaintiff Fund. Plaintiff further requests that it be excused from posting a bond.

                                       Respectfully submitted,

                                       CHRISTOPHER J. WALSH, as he is ADMINISTRATOR, of the CONSTRUCTION TEAMSTERS HEALTH AND WELFARE FUND, et al,

                                       By their attorneys,

                                       /s/ Gregory A. Geiman
                                       Anne R. Sills, Esquire
                                       BBO #546576
                                       Gregory A. Geiman
                                       BBO #655207
                                       Segal, Roitman & Coleman
                                       11 Beacon Street, Suite #500
                                       Boston, MA  02108
                                       (617) 742-0208

Dated: January 11, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Motion for Preliminary Injunction has been served by certified and first class mail upon the defendant, Bay State Sweeping and Construction Corp. at 369 3rd Street, Everett, MA  02149 this 11th day of January, 2005.

                                       /s/ Gregory A. Geiman
                                       Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 8903 03-343/motpreinj.doc