# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CHRISTOPHER J. WALSH, as he is ADMINISTRATOR,
CONSTRUCTION TEAMSTERS HEALTH AND
WELFARE FUND and INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, LOCAL 379,
       Plaintiffs

       vs.

BAY STATE SWEEPING & CONSTRUCTION CORP.,
       Defendant

       and

EASTERN BANK,
       Trustee

C.A. No. 04-12053 GAO

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## MOTION FOR ENTRY OF DEFAULT JUDGMENT

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant Bay State Sweeping and Construction Corp. (hereinafter "Bay State") is a Massachusetts corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about August 12, 2005, issued a Notice of Default.  At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment.  Plaintiffs now seek a judgment holding Defendant liable for $61,805.92, representing contributions owed to the Funds for the period from January, 2000 through December, 2002, together with interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.

### FACTS

Bechtel/Parsons Brinckerhoff, project manager of the Central Artery (I-93)/Tunnel (I-90) Project ("Big Dig"), entered into a Project Labor Agreement ("PLA") with all of the unions performing work on the Big Dig.  See Affidavit of Christopher Walsh ("Walsh Aff."), par. 2.  A copy of the PLA is attached to the Complaint as Exhibit A.  The International Brotherhood of Teamsters, Local 379 was one of the signatory unions.  Id.  Under the terms of the PLA, contractors working on the Big Dig agreed to be bound by the terms of the union's contracts and trust agreements:

> The Contractor agrees to pay contributions to the established employee benefit funds in the amounts designated in the appropriate [collective bargaining agreement] .  .  . The Contractor adopts and agrees to be bound by the written terms of the legally-established Trust Agreements specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds.

See PLA, Article X, Section 2, a copy of which is attached to the Complaint as Exhibit A.

Pursuant to the PLA, Bay State became bound to the terms of the Fund's collective bargaining agreement, the Massachusetts Heavy Construction Agreement (the "Agreement").  Walsh Aff., par. 3.  The Agreement, like its predecessor and subsequent agreements, requires employers to make fringe benefit contributions to the Fund for each hour worked by covered

employees.  Walsh Aff., par. 4.  The Agreement specifies the amount to be contributed by an

employer to the Fund for each hour worked.  Walsh Aff., par. 5.  A copy of the relevant portions

of the 1999-2004 Agreement is attached to the Complaint as Exhibit B.

The Fund's auditor conducted an audit of Bay State's payroll records for the period

January, 2000 through December, 2002 and determined that the company owes $42,293.21 in

unpaid contributions for that period of time.  Walsh Aff., par. 6.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the

party against whom judgment is sought has been defaulted for failure to appear, and the party is

not an infant or incompetent person.  Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law.  First, Plaintiffs'

claim is for a sum certain.  Plaintiffs have ascertained via a payroll audit that Bay State owes the

Fund $42,293.21 in unpaid benefit fund contributions due under the Agreement for the period

from January, 2000 through December, 2002.  Id.  Further, prejudgment interest on the unpaid

contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B).  As such, the Fund has

ascertained that, pursuant to the terms of the Agreement, Bay State would owe $7,642.34 in

interest on the unpaid contributions due if these contributions are paid by September 30, 2005.

Walsh Aff., par. 7.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an

amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may

be permitted under Federal or state law), or in an amount equal to interest on the unpaid

contributions, whichever is greater.  29 U.S.C. §1132 (g)(2)(C)(i) and (ii).  In the instant case,

because the Agreement does not provide for liquidated damages, Bay State owes as liquidated damages an additional amount equal to the interest on the unpaid contribution. This would mean that Bay State owes an additional $7,642.34 as liquidated damages.

Finally, attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g) (2)(D). Attorneys' fees and costs of this action are $4,228.03. <u>See</u> Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person. Defendant is also not in the military service. <u>See</u> Affidavit of Christopher Walsh as to Military Service, Infancy, and Incompetence.

<b><u>CONCLUSION</u></b>

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Entry of Default Judgment be granted, and that judgment enter against Defendant Bay State Sweeping and Construction Corp. in the amount of $61,805.92, representing unpaid contributions for the period from January, 2000 through December, 2002, interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.

Respectfully submitted,

CHRISTOPHER J. WALSH, as he is
ADMINISTRATOR, of the
CONSTRUCTION TEAMSTERS
HEALTH AND WELFARE FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street

4

Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  September 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Memorandum in Support of Motion for Entry of Default Judgment has been served by certified and first class mail upon the defendant, Bay State Sweeping &Construction Corp. at 369 3rd Street, Everett, MA  02149 this 9th day of September, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 8903 03-343/memsupdf.doc

5